## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LOWE'S HOME CENTERS, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 13-1075** (BOR Appeal No. 2048332)
                    (Claim No. 2012021279)

**AUGUSTINE CORTEZ,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lowe's Home Centers, Inc., by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Augustine Cortez, by Robert L. Stultz, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2013, in which the Board affirmed an April 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 27, 2012, decision denying authorization for arthrodesis surgery. The Office of Judges also modified the claims administrator's January 23, 2012, decision, which denied the addition of several compensable conditions, by including herniated disc, intervertebral disc disorders, and retrolisthesis as compensable conditions of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cortez worked for Lowe's Homes Centers, Inc., as a floor inspection specialist. On December 31, 2011, Mr. Cortez was kneeling, moving boxes of laminate flooring, when he felt a pulling sensation in his lower back. His legs also became numb. Mr. Cortez immediately sought treatment at the West Virginia University Hospital Emergency Room. The records from his visit

1

indicated that he had a history of lower back problems which had required a laminectomy and eventual fusion of the L3-4 and L4-5 discs. A CT scan was also taken which revealed a broad disc bulge at L2-3. Mr. Cortez filed an application for workers' compensation benefits, and the claims administrator held his claim compensable for a lumbar sprain. Within a few days, Mr. Cortez returned to the emergency room and was treated by Ronald Best, D.O. Dr. Best determined that his L2-3 disc bulge was causing his current pain. Dr. Best also requested that his claim be updated to include the herniated disc, but on January 23, 2012, the claims administrator denied the addition of herniated disc, intervertebral disc disorder, unspecified disorder of the back, and symptoms involving skin and other integumentary tissue. Following this denial, Mr. Cortez was treated by James B. Chadduck, M.D. Dr. Chadduck noted that he had previously treated Mr. Cortez for back problems and had performed the fusion surgery on Mr. Cortez's L3-4 and L4-5 discs, which included bilateral pedicle screws. Dr. Chadduck then took an MRI of Mr. Cortez's spine and compared it to an MRI taken after his last lumbar fusion surgery. Dr. Chadduck found that the only difference in the two MRIs was that the L2-3 disc herniation was present on the current MRI. Dr. Chadduck also had an x-ray taken of Mr. Cortez's back which revealed mild retrolisthesis of the L3 and L4 discs. Dr. Chadduck treated Mr. Cortez's condition with an epidural steroid injection, but it did not significantly reduce his pain. Dr. Chadduck then recommended that Mr. Cortez receive a fusion surgery for the L2-3 disc.

Dr. Chadduck's request was submitted to Bill Hennessey, M.D., who found that the L2-3 herniated disc was not related to the compensable injury. Dr. Hennessey also determined that there was no need for the requested fusion surgery because Dr. Chadduck did not demonstrate that it would relieve Mr. Cortez's pain. On March 27, 2012, the claims administrator denied Dr. Chadduck's request for an arthrodesis surgery with cage and pedicle screws based on Dr. Hennessey's recommendation. Dr. Chadduck, nevertheless, performed the surgery, and the treatment notes from the procedure indicated that Mr. Cortez's pain was significantly decreased due to the surgical repair of his L2-3 disc herniation. On April 1, 2013, the Office of Judges modified the claims administrator's January 23, 2012, decision by adding herniated disc, intervertebral disc disorder, and retrolisthesis as compensable conditions of the claim. The Office of Judges also reversed the claims administrator's March 27, 2012, decision and authorized the requested arthrodesis surgery. The Board of Review affirmed the Order of the Office of Judges on September 23, 2013, leading Lowe's Home Centers, Inc., to appeal.

The Office of Judges concluded that Mr. Cortez suffered a herniated disc and retrolisthesis at the L2-3 disc in the course of and as a result of his employment on December 31, 2011. The Office of Judges also concluded that Mr. Cortez was entitled to the requested arthrodesis surgery in order to treat these compensable conditions. The Office of Judges based this determination on the treatment notes of Dr. Chadduck. The Office of Judges determined that Dr. Chadduck's request to add the additional conditions and to authorize the arthrodesis surgery was supported by the CT scan taken on the date of the injury and the treatment notes of Dr. Best, who saw Mr. Cortez within days of the compensable injury. It determined that the L2-3 disc herniation was a new condition related to the compensable injury because it was not present on the MRI which predated the injury. The Office of Judges considered the opinion of Dr. Hennessey, but it found that Dr. Hennessey's report was not reliable because he had not

reviewed all the evidence in the record. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Cortez has presented sufficient evidence to demonstrate that he suffered a herniated disc, intervertebral disc disorder, and retrolisthesis in the course of and resulting from his employment. The objective evidence in the record demonstrates that these conditions are related to Mr. Cortez's compensable injury and not his pre-existing back problems. In particular, the MRI evidence in the case demonstrates that Mr. Cortez's L2-3 disc herniation is a new condition related to the compensable injury. Mr. Cortez has also demonstrated that the requested arthrodesis surgery is medically related and reasonably required to treat his compensable injury. Dr. Chadduck's treatment notes specifically relate the surgery to Mr. Cortez's herniated L2-3 disc. Dr. Chadduck also sufficiently justified Mr. Cortez's need for the requested surgery, despite Dr. Hennessey's criticisms, and the Office of Judges was within its discretion in relying on his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II